**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DREKE BIN BEY, *a/k/a* | ) |
| REGINALD GERON BROWN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| | ) |
| Respondent. | ) |

No. 4:24-cv-00099-SEP

**MEMORANDUM AND ORDER**

Before the Court on Petitioner Dreke Bin Bey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. [1]. For the reasons set forth below, the Petition is dismissed.[1]

**FACTS AND BACKGROUND**

Petitioner is a state pretrial detainee at the St. Louis City Justice Center. Doc. [1] at 1. He is charged with four felony counts including assault in the first degree and armed criminal action. *State of Missouri v. Brown*, No. 2022-CR02030-01 (22nd Jud. Cir. Ct. Mo. filed Mar. 2, 2021).[2] On June 29, 2021, the Missouri state court determined Petitioner lacked the mental fitness to proceed to trial and ordered Petitioner committed to the custody of the Department of Mental Health (DMH). Two years later, following a mental health examination, the state court found that Petitioner was mentally competent. The court ordered DMH to discharge Petitioner and return him to the custody of the City of St. Louis. The matter remains pending.

Petitioner now seeks dismissal of his state criminal charges and immediate release from prison. He states seven grounds for relief, including (1) lack of subject matter jurisdiction, personal jurisdiction, territorial jurisdiction, admiralty and maritime jurisdiction, and common law jurisdiction; (2) that he is a political prisoner; (3) *Brady* violations; (4) violations of due

---

[1] Plaintiff filed a nearly identical petition in this Court on June 30, 2023. *See Bin Bey v. Huhn*, No. 4:23-cv-00834-RLW (E.D. Mo. filed June 30, 2023). The Court dismissed that action on December 11, 2023.

[2] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of the state court public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

process related to access to courts; (5) two grounds related to his commitment to a "mental hospital"; and (6) defects in his arrest warrant.  Doc. [1] at 6-8.

DISCUSSION

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968).  But 28 U.S.C. § 2241 has been recognized as a source of habeas review for state pretrial detainees.  See *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (a federal district court could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241."); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner."  Rule 4 applies to § 2241 cases through Rule 1(b).  *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Risenhoover v. Washington Cnty. Comm. Servs.*, 545 F. Supp. 2d 885, 888 (D. Minn. 2008) (applying Rule 4 to habeas petitions brought under § 2241).

Even though a pretrial detainee can bring a habeas petition pursuant to 28 U.S.C. § 2241, federal courts should not interfere—absent extraordinary circumstances—with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution."  *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).  A petitioner must therefore exhaust his state remedies before seeking relief in federal court.

Although the text of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  *Dickerson*, 816 F.2d at 225 (collecting cases); *see also, e.g., Sacco*, 649 F.2d at 635-36 (petitioner seeking relief

from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cnty. Dist. Cts.*, 2019 WL 6879367, at *1 (D. Minn. 2019) ("A state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available."); *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) ("petitioner must have exhausted his available state remedies" before a court could "review the claims of a state pretrial detainee under section 2241").

A prisoner can avoid exhausting state remedies only if he can show "special circumstances." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) ("federal courts are reluctant to grant pre-trial habeas relief," and in "the interests of comity," a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Petitioner has not shown that he has exhausted his state remedies. Petitioner's complaints of lack of jurisdiction, *Brady* violations, and "[d]efects in the institution of the prosecution" may be addressed either by trial or other state court procedures. Doc. [1] at 6-9; *see Dickerson*, 816 F.2d at 225. If Petitioner objects to being held without bond, Missouri court rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S.Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S.Ct. R. 33.09. There is no indication that Petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri Supreme Court rules. And to the extent the Petition relates to his commitment for mental health treatment, he is no longer in custody for such treatment.

Petitioner has not shown any special circumstances that might excuse him from the exhaustion requirement. *See Curtis v. Missouri*, 2019 WL 5558224, at *1 (E.D. Mo. 2019) (courts "have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised"). Therefore, Petitioner's 28 U.S.C. § 2241 Petition must be denied and dismissed.

### DECLARATION OF ENTRY OF DEFAULT

Petitioner also filed a "Declaration for Entry of Default," which the Court construes as a motion for entry of default. He states: "The Court files and records show that the defendant

herein were [sic] served by the United States Marshal with a copy of summons and a copy of Plaintiff's complaint." Petitioner is incorrect. Defendant has not been served in this matter, and the motion for entry of default is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. [1], is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Affidavit of Fact to Correct Name of Defendant, Doc. [2], and Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3], are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Declaration for Entry of Default, Doc. [4], is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of July, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4